UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

KEVIN CART ET AL                              CASE NO.  2:22-CV-05086

VERSUS                                        JUDGE JAMES D. CAIN, JR.

GREAT AMERICAN ASSURANCE CO ET   MAGISTRATE JUDGE KAY
AL

## MEMORANDUM RULING

Before the Court is a "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) and 12(B)(1)" (Doc. 11) filed by Defendants Great American Assurance Company and Great American Insurance Company (collectively referred to as "Great American").  Plaintiffs have not opposed the motion and the time for doing so has now lapsed.

## INTRODUCTION

Plaintiffs own property that was allegedly damaged on August 27, 2020, and October 9, 2020 by Hurricanes Laura and Delta.  Because Plaintiffs failed to maintain homeowner's hazard insurance for the property subject to the mortgage, Rushmore Loan Management Services ("Rushmore") procured a force-placed lender policy on the property through Great American.  Plaintiffs are not named insured or additional insureds under the policy. Plaintiffs have filed the instant lawsuit asserting breach of contract claims and breach of an insurer's statutory duties under Louisiana Revised Statutes 22:1893 and 22:1973.

## <u>RULE 12(b)(6) STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992).  "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point

necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Great American maintains that because Plaintiffs are not listed as named insureds or additional insureds in the policy, and the policy language does not provide coverage in excess of the lender's insurable interest. Consequently, Plaintiffs are not third-party beneficiaries and have no standing to bring this lawsuit. The Great American policy Declaration's page provides the following relevant provision:

> Unless indicated otherwise by endorsement, this policy does not provide
> coverage for flood, earth movement, contents, errors & omissions or liability,
> nor does it provide coverage for the interest or equity of the mortgagor. This

is creditor placed insurance, protecting your mortgagee interest, subject to policy terms and conditions.[1]

The Policy's "Definitions" form further provides that:

**Named Insured** means the creditor, lending institution, company, or person holding or servicing the **mortgagee interest** on the **described location**.[2]


And

**Mortgagor** is the purchaser of the **described location** for whom **you** have financed property or which **you** are servicing for others under the terms of a written agreement. The m**ortgagor** is not a **Named Insured** under this policy.[3]

The lender-placed policy clearly does not name Plaintiffs as insureds, additional insureds, nor does it indicate that Plaintiffs are third-party beneficiaries.

## CONCLUSION

For the reasons set forth herein, the Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) and 12(B)(1) (Doc. 11) filed by Defendants Great American Assurance Company and Great American Insurance Company will be granted dismissing these Defendants with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 12th day of January, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant's exhibit A.
[2] *Id.*
[3] *Id.*